UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brian Alcorta

    v.                                          Case No. 21-cv-250-PB

Warden, FCI Berlin

REPORT AND RECOMMENDATION

Brian Alcorta, a transgender female inmate at the Federal Correctional Facility in Berlin, New Hampshire ("FCI Berlin"), has filed a pro se petition seeking release to home confinement pursuant to 28 U.S.C. § 2241 and the CARES Act.  In support, Alcorta contends that she is at risk of severe illness if she were to contract COVID-19.[1]  Alcorta has also filed an "Emergency Motion" (Doc. No. 5) to supplement her § 2241 petition in which she asks the court to release her on bail because of an outbreak of COVID 19 at the prison that occurred earlier in 2021.

Background

Alcorta pleaded guilty in the Western District of Texas, San Antonio Division, to one count of conspiracy to distribute methamphetamine.  United States v. Alcorta, No. 5:13-CR-316-OLG(13) (W.D. Tex. July 20, 2015).  In October 2015, she was sentenced to 151 months of imprisonment to be followed by five

---

[1] The court uses female pronouns in reference to Alcorta, as are used in the record.

years of supervised release. She is currently serving her prison sentence at FCI Berlin. Alcorta has filed several motions in the Western District of Texas for reduction of her sentence, which have been denied by the sentencing court.

The record in this case documents that Alcorta has asthma and receives medication to treat that condition. She contends that her asthma condition puts her at increased risk of serious illness if she were to contract COVID-19. Alcorta has been offered a vaccine for COVID-19, but she refused because she states she previously had an allergic reaction that affected her breathing (not a reaction to a COVID-19 vaccine). See Doc. No. 6, at 2; Doc. No. 13-2, at 77. She has offered no evidence that any medical professional has recommended she decline the vaccine, and the record indicates that the FCI Berlin medical staff would offer her the vaccine again if she changes her mind and decides to receive it. See Doc. No. 13-1 ¶ 73.

The Federal Bureau of Prisons ("BOP") has implemented a multi-step plan to control the transmission of COVID-19 within the BOP and at FCI Berlin. Mateo v. Warden, No. 20-cv-01012-PB, 2021 WL 2109748, at *3, 2021 U.S. Dist. LEXIS 98383, at *7-*8 (D.N.H. May 24, 2021); see also Doc. 13-1, ¶¶ 9-68 (Declaration of Pamela Pederson, M.D., FCI Berlin Acting Clinical Director).

Vaccination, mask use, and social distancing are part of that plan.[2]  See Doc. No. 13-1, ¶¶ 9-68.

Alcorta states that there were many cases of COVID-19 at FCI Berlin during the spring of 2021.  Case counts rose in April-May 2021, but by the end of May 2021, the prevalence of COVID-19 at FCI Berlin had fallen dramatically, and the N.H. Department of Health and Human Services considered the outbreak closed on May 24, 2021.[3]  The record here indicates that the last positive test result for COVID-19 among inmates at FCI Berlin was on May 1, 2021.  See Doc. 13-1 ¶ 66 (regarding COVID-19 test results preceding June 21, 2021).  The BOP COVID-19 report, which is updated and released each day, states that as of July 26, 2021, there were no positive test results among FCI Berlin inmates, and one positive case among FCI Berlin staff members.  See BOP COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited July 26, 2021).  Alcorta has been tested repeatedly and has had negative results each time.  See Doc. 13-1 ¶ 72.

---

[2] The BOP COVID-19 vaccine update states that 122 FCI Berlin staff members and 500 FCI Berlin inmates were fully vaccinated as of July 26, 2021, not counting any staff members who may have received vaccine doses in the community but not in a BOP facility.  See BOP COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited July 26, 2021).

[3] A COVID-19 outbreak at that facility in April/May 2021, involving 192 inmates and 9 staff cases, was deemed closed by the State of New Hampshire on May 24, 2021.  See COVID-19 Update-July 22, 2021, www.covid19.nh.gov/news/dhhs-updates ("State Update") (last visited July 26, 2021).

## Standard

A petitioner seeking relief through a writ of habeas corpus may be released pending a determination on the merits of the petition. Eaton v. Holbrook, 671 F.2d 670, 670 (1st Cir. 1982); Mateo, 2021 WL 2109746, at *2. To qualify for release, however, the petitioner must demonstrate "either (1) a clear case on the law and facts, or (2) a substantial claim of constitutional error and exceptional circumstances warranting immediate release." Mateo, 2021 WL 2109746, at *2, 2021 U.S. Dist. LEXIS 98383, at *4 (citing Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972)). A substantial claim of constitutional error requires a showing of a likelihood of success on the habeas petition. Mateo, 2021 WL 2109746, at *2, 2021 U.S. Dist. LEXIS 98383, at *4. A successful showing on either prong of the Glynn test entitles the petitioner to a bail hearing, which requires a showing by clear and convincing evidence that the petitioner would not be a danger to the public or a flight risk if released. Mateo, 2021 WL 2109746, at *2, 2021 U.S. Dist. LEXIS 98383, at *4.

## Discussion

As a preliminary matter, to the extent Alcorta seeks relief under the CARES Act and/or 18 U.S.C. § 3582(c), this court lacks authority to grant the request. See, e.g., United States v.

4

Houck, No. 20-2216, 2 F.4th 1082, 2021 WL 2655056, at *3, 2021 U.S. App. LEXIS 19246, at *7 (8th Cir. June 29, 2021); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021); United States v. Mateo, No. 20-cv-1012-PB, 2021 DNH 89, 2021 WL 2109748, at *3, 2021 U.S. Dist. LEXIS 98383, at *5-6 (D.N.H. May 24, 2021).

Alcorta also seeks release to home confinement under § 2241. This court has construed her § 2241 petition to raise a claim that her confinement at FCI Berlin during the COVID-19 pandemic violates the Eighth Amendment prohibition against cruel and unusual punishment because of the risk of serious illness if she were to contract COVID-19.[4] As such, to be eligible for a bail hearing, Alcorta would need to show a clear case on the facts and law to support her assertion of an Eighth Amendment violation or a likelihood she will succeed on her Eighth Amendment claim and exceptional circumstances that warrant immediate release. The record presented does not support either outcome.

An Eighth Amendment claim that challenges the conditions of a prisoner's confinement requires proof of two elements: (1) an objective requirement that the prisoner was incarcerated under

---

[4] The court will presume, without deciding, that a habeas petition under § 2241 is the appropriate means to raise this claim. See Mateo, 2021 WL 2109748, at *2 & n.3, 2021 U.S. Dist. LEXIS 98383, at *5 & n.3.

5

conditions that posed a "substantial risk of serious harm," and (2) a subjective requirement that the defendant acted or failed to act with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish deliberate indifference, a prisoner must show that the defendant knew of the substantial risk to her health or safety and disregarded that risk, amounting to a wanton or reckless failure to prevent harm. See Xingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018).

Even if Alcorta could show that the conditions of her confinement presented a substantial risk of serious harm due to the potential for illness from COVID-19, she cannot meet the subjective requirement of deliberate indifference. Cf. Mateo, 2021 WL 2109748, at *4 n.6, 2021 U.S. Dist. LEXIS 98383, at *8 n.6 ("The fact that an outbreak has occurred, without more, is insufficient to establish that the BOP was deliberately indifferent to the risk of harm that COVID-19 poses."). The record shows that Alcorta's medical conditions are being treated, and that the BOP and the warden at FCI Berlin have implemented detailed measures to address and ameliorate the risks to inmate health presented by COVID-19, including providing vaccines to inmates and staff. Those efforts appear to have been a reasonable response to the risk, given the reduction in cases of COVID-19 at FCI Berlin. The efforts to

6

protect Alcorta and other prisoners at FCI Berlin from the COVID-19 virus are reasonable and do not show any deliberate indifference to the risks posed by the virus.  See Mateo, 2021 WL 2109748, at *4, 2021 U.S. Dist. LEXIS 98383, at *8.

Therefore, Alcorta has not shown a clear case in her favor on the law and facts of the case or a likelihood of success on her petition and grounds for immediate release.  As a result, her request for bail is properly denied.

## Conclusion

For the foregoing reasons, the district judge should deny Alcorta's motion for release on bail (Doc. No. 5).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

July 27, 2021

cc:  Brian Alcorta, pro se
     Seth R. Aframe, Esq.