**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Brian Alcorta

   v.                                              Case No. 21-cv-250-PB

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Brian Alcorta, a transgender female inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"),[1] has filed a pro se petition seeking release to home confinement pursuant to 28 U.S.C. § 2241 and the CARES Act.[2] In support, Alcorta contends that she is at risk of severe illness if she were to contract COVID-19. The warden moves for summary judgment (Doc. No. 13), and Alcorta objects (Doc. Nos. 19, 21).

**Standard**

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Joseph v. Lincare, Inc., 989 F. 3d 147, 157 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). In making that determination,

---

[1] The court uses female pronouns in reference to Alcorta, as are used in the record.

[2] The CARES Act does not provide this court with authority to release Alcorta. See Sept. 1, 2021 Order (Doc. No. 22) (approving July 27, 2021 Report and Recommendation (Doc. No. 16) (citing cases)).

the court construes the record in the light most favorable to the nonmoving party. Thompson v. Gold Medal Bakery, Inc., 989 F.3d 135, 141 (1st Cir. 2021). To avoid summary judgment, the nonmoving party "must adduce specific facts showing that a trier of fact could reasonably find in his favor" and "cannot rely on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." Id. Summary judgment is required if a party fails to make a sufficient showing to establish an essential element of his or her case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## Background

Alcorta pleaded guilty in the Western District of Texas, San Antonio Division, to one count of conspiracy to distribute methamphetamine. United States v. Alcorta, No. 5:13-CR-316-OLG(13) (W.D. Tex. July 20, 2015). In October 2015, she was sentenced to 151 months of imprisonment to be followed by five years of supervised release. She is currently serving her sentence at FCI Berlin. Alcorta has filed several motions in the Western District of Texas for reduction of her sentence, which have been denied by the sentencing court.

Alcorta is thirty-three years old. The record shows, and the warden does not dispute, that Alcorta has asthma and a seventeen-year history of smoking before being incarcerated. Alcorta takes medication prescribed for her asthma at FCI

Berlin. She contends that she is at an increased risk of serious illness if she were to contract COVID-19, and the warden has not disputed that issue for purposes of the motion for summary judgment. See, e.g., Doc. No. 13-1, ¶ 72 ("Medical literature supports the idea that Petitioner's smoking history makes her more at risk for severe illness from COVID-19.").

The warden submitted the affidavit of Dr. Pamela Pedersen, M.D., who is the Acting Clinical Director FCI Berlin, in support of the warden's motion for summary judgment. Doc. 13-1. As described by Dr. Pedersen, the Bureau of Prisons ("BOP") and FCI Berlin have taken extensive measures to control the COVID-19 pandemic in the prison environment. Doc. 13-1, ¶¶ 9-68 (Declaration of Dr. Pedersen); see also Mateo v. Warden, No. 20-cv-01012-PB, 2021 WL 2109748, at *3, 2021 U.S. Dist. LEXIS 98383, at *7-*8 (D.N.H. May 24, 2021). The measures taken at FCI Berlin include quarantines, testing, changes in daily routines, and vaccination. See Doc. No. 13-1, ¶¶ 9-68. The number of fully-vaccinated FCI Berlin inmates has increased substantially since Dr. Pedersen executed her declaration.[3]

---

[3] The BOP's daily COVID-19 vaccine update states that at least 123 FCI Berlin staff members and 547 FCI Berlin inmates had been fully vaccinated as of September 8, 2021. See BOP COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Sept. 9, 2021). Dr. Pedersen reported lower vaccination counts at FCI Berlin in June 2021 when she executed her declaration:

Dr. Pedersen's June 2021 declaration reports that FCI Berlin did not have a positive COVID-19 test until October 2020, coped with an outbreak in winter/spring 2021, and then brought that outbreak under control at the prison.[4]

Alcorta asserts that there were many cases of COVID-19 at FCI Berlin in spring 2021, and that a new outbreak of the virus began circulating among inmates in August 2021.  It is undisputed that COVID-19 remains a present concern; the State of New Hampshire has listed FCI Berlin in September 2021 as an institution with an ongoing COVID-19 outbreak, see N.H. Covid-19 Response, N.H. DHHS Update—Sept. 9, 2021, https://www.covid19.nh.gov/news/dhhs-updates (last visited Sept. 9, 2021).  The case counts associated with the current outbreak (totaling 6 staff members and 36 inmates, to date), are substantially lower than the case counts involved in the spring 2021 outbreak (which involved 9 staff members and 192 inmates.

---

> As of June 9, 2021, at least 120 staff have been fully vaccinated (roughly 55.6% of staff)[,] 197 inmates have received one dose of a two-dose vaccine, and 318 inmates have been fully vaccinated.

Doc. No. 13-1, ¶ 68.

[4] See N.H. Covid-19 Response, N.H. DHHS Update—Sept. 2, 2021, www.covid19.nh.gov/news/dhhs-updates (last visited Sept. 8, 2021) (winter/spring 2021 outbreak was deemed closed on May 24, 2021).  Dr. Pedersen reported that as of June 21, 2021, no FCI Berlin inmate had tested positive for COVID-19 since May 1, 2021.  See Doc. 13-1 at ¶ 66.

4

See id.  The BOP website currently lists 3 FCI Berlin staff members and 0 inmates as confirmed active cases.  See BOP COVID-19 Cases, www.bop.gov/coronavirus/ (last visited Sept. 9, 2021). Dr. Pedersen has reported that Alcorta had been tested repeatedly for Covid-19 and had negative results each time. Doc. 13-1, ¶ 72.

Alcorta has been offered a vaccine for COVID-19 at FCI Berlin, but she refused to be vaccinated because she states she had an adverse reaction to a vaccine (not the COVID-19 vaccine) in the past.  It is undisputed that the FCI Berlin medical staff members have continued to offer her the vaccine despite her refusal.  See, e.g., Doc. No. 13-1, ¶¶ 68, 72 ("FCI Berlin continues to order vaccinations and frequently encourages those inmates who previously refused to reconsider.").  And she has presented no evidence here that any medical professional has recommended that she decline the COVID-19 vaccine.

## Discussion

Alcorta contends that the conditions of her confinement place her in danger of contracting COVID-19, and that the warden's failure to release or adequately protect her amounts to a violation of her rights under the Eighth Amendment.  The warden notes that § 2241 may not be the appropriate means to challenge conditions of confinement, but, for purposes of the summary judgment motion, the warden further argues that Alcorta

5

cannot show that FCI Berlin prison officials have been deliberately indifferent to a substantial risk of serious harm.[5]

An Eighth Amendment claim that challenges the conditions of a prisoner's confinement, as Alcorta's claim does, requires proof of two elements: (1) an objective requirement that the prisoner was incarcerated under conditions that posed a "substantial risk of serious harm," and (2) a subjective requirement that the defendant acted or failed to act with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish deliberate indifference, a prisoner must show that the defendant knew of the substantial risk to her health or safety and disregarded that risk, amounting to a wanton or reckless failure to prevent harm. See Zingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018). Stated in other terms, to meet the subjective component, an inmate must show that the official's mental state was equivalent to criminal recklessness, which is "'characterized by obduracy and wantonness, not inadvertence or error in good faith.'" Mateo, 2021 WL 2109748, at *3, 2021 U.S. Dist. LEXIS 98383, at *7 (quoting Leite v. Bergeron, 911 F.3d 47, 52-53 (1st Cir. 2018)).

---

[5] The court has presumed, without deciding, that a habeas petition under § 2241 is the appropriate means to raise Alcorta's Eighth Amendment claim. See Mateo, 2021 WL 2109748, at *2 & n.3, 2021 U.S. Dist. LEXIS 98383, at *5 & n.3.

6

The undisputed matters stated in Dr. Pedersen's declaration and the case counts and vaccination information published each day by the state public health authority and the BOP (as to which judicial notice is properly taken, see, e.g., Robertson v. Warden, No. 1:20-CV-2117, 2021 WL 916253, at *4 n.5, 2021 U.S. Dist. LEXIS 44637, at *24 n.5 (M.D. Pa. Mar. 10, 2021)), all demonstrate that responsible officials at FCI Berlin have implemented detailed measures to address and ameliorate the risks to inmate health presented by COVID-19.  Those measures have included offering to vaccinate Alcorta, an inmate who presents no competent medical evidence that the vaccine is contraindicated for her.  Because it is undisputed that the vaccine continues to be available to her, that her health conditions potentially affecting her risk for serious COVID-19 illness have been addressed, and that detailed measures in addition to vaccination have been implemented to reduce the risk of COVID-19 infection among FCI Berlin inmates, Alcorta has failed to raise any genuine dispute of fact as to the subjective component of her Eighth Amendment claim.  Accordingly, the district judge should grant the respondent's motion for summary judgment.

## Conclusion

For the foregoing reasons, the district judge should grant the warden's motion for summary judgment (Doc. No. 13), order

7

that judgment be entered, and direct that the case be closed.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within that time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 10, 2021

cc: Brian Alcorta, pro se.
    Seth R. Aframe, Esq.